1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ABRAHAM G. PINZON,                        No.  2:23-cv-0008 DJC DB PS

12              Plaintiff,

13        v.                                    ORDER AND

14    CALIFORNIA DEPT. OF HEALTH                FINDINGS AND RECOMMENDATIONS
      CARE SVCS.,
15

16              Defendants.

17

18        Plaintiff Abraham G. Pinzon. is proceeding in this action pro se.  This matter was referred

19    to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20    before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28

21    U.S.C. § 1915, and motions to appoint counsel.  (ECF Nos. 1, 2, 4 & 6.)  The complaint consists

22    of allegations asserted against the Northern District of California.

23        The court is required to screen complaints brought by parties proceeding in forma

24    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25    2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons

26    stated below, the undersigned will recommend that plaintiff's complaint be dismissed without

27    leave to amend.

28    ////

                                            1

1    **I.      Plaintiff's Application to Proceed In Forma Pauperis**

2           Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15          Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5      The minimum requirements for a civil complaint in federal court, as explained by Rule 8

6  of the Federal Rules of Civil Procedure ("Rules"), are as follows:

7

8           A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for

9           judgment for the relief the pleader seeks.

10  Fed. R. Civ. P. 8(a).

11  **II.**     **Plaintiff's Complaint**

12      The complaint alleges that the court of the "S.F. Division" of the Northern District of

13  California "has denied accommodation to procedures from the Federal Rules of Civil Procedure,"

14  and provided "aid and comfort to violators that conspire to commit wire fraud against the United

15  States." (Compl. (ECF No. 1) at 5-6.)  In this regard, the complaint alleges that "Clerk for Judge

16  Beeler treats this Plaintiff differently," and that "Judge Illman acted automatically to interfere

17  with Plaintiff's civil rights." (Id. at 6.)  That "Judge Chhabria was absent from judicial duties in

18  his abandonment." (Id.)  And that the "Northern District's intent; with their low balled level of

19  sub standard accommodations" is to "intimidate" plaintiff. (Id.)

20      "[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a

21  claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

22  veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

23  clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at

24  327).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims

25  with which federal district judges are all too familiar."  Neitzke, 490 U.S. at 328.

26      Here, the complaint's allegations are clearly baseless.  Even assuming, *arguendo*, that the

27  complaint's allegations were not baseless, judges are generally absolutely immune from civil

28  liability for actions taken in their judicial capacity.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

1   And "[a]bsolute judicial immunity is not reserved solely for judges, but extends to nonjudicial

2   officers for 'all claims relating to the exercise of judicial functions.'" In re Castillo, 297 F.3d

3   940, 947 (9th Cir. 2002) (quoting Burns v. Reed, 500 U.S. 478, 499 (1991) (Scalia, J., concurring

4   in part and dissenting in part)).  In this regard, judicial personnel "have absolute quasi-judicial

5   immunity from damages for civil rights violations when they perform tasks that are an integral

6   part of the judicial process." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d

7   1385, 1390 (9th Cir. 1987).  Thus, the complaint's allegations concerning defendants' conduct as

8   it relates to the judicial process in the Northern District are barred by immunity.

9   **III.     Leave to Amend**

10          For the reasons stated above, plaintiff's complaint should be dismissed.  The undersigned

11   has carefully considered whether plaintiff may further amend the complaint to state a claim upon

12   which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad

13   faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818

14   F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

15   Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely

16   given, the court does not have to allow futile amendments).

17          Here, given the defects noted above, the undersigned finds that granting plaintiff leave to

18   amend would be futile.

19   **IV.     Appointment of Counsel**

20          On February 15, 2023, and April 3, 2023, plaintiff filed motions seeking the appointment

21   of counsel.  (ECF Nos. 4 & 6.)  Plaintiff is informed that federal district courts lack authority to

22   require counsel to represent indigent plaintiffs in civil cases. See Mallard v. United States Dist.

23   Court, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel

24   under the federal in forma pauperis statute, but only under exceptional circumstances. See 28

25   U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

26   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances

27   requires the court to evaluate the plaintiff's likelihood of success on the merits and the plaintiff's

28   ////

4

1  ability to articulate his or her claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

2  1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

3        Here, in light of the above analysis, the undersigned cannot find at this time that the

4  exceptional circumstances test has been satisfied.

5  **CONCLUSION**

6        Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

7       1.   Plaintiff's February 15, 2023 motion to appoint counsel (ECF No. 4) is denied

8           without prejudice to renewal; and

9       2.  Plaintiff's April 3, 2023 motion to appoint counsel (ECF No. 6) is denied without

10          prejudice to renewal.

11       Also, IT IS HEREBY RECOMMENDED that:

12      1.  Plaintiff's January 3, 2023 application to proceed in forma pauperis (ECF No. 2) be

13 denied;

14      2.  The complaint filed on January 3, 2023, be dismissed without prejudice; and

15      3.  This action be dismissed.

16       These findings and recommendations will be submitted to the United States District Judge

17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

18 after being served with these findings and recommendations, plaintiff may file written objections

19 with the court.  A document containing objections should be titled "Objections to Magistrate

20 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

21 the specified time may, under certain circumstances, waive the right to appeal the District Court's

22 order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated:  April 24, 2023

24

25

26 DLB:6
   DB\orders\orders.pro se\pinzon0008.dism.f&rs

27

28

     DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

5