1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ABRAHAM G. PINZON,                          No.  2:23-cv-0008 DJC DB PS

12                    Plaintiff,

13         v.                                      ORDER

14    CALIFORNIA DEPT. OF HEALTH
      CARE SVCS.,
15

16                    Defendants.

17

18          Plaintiff Abraham G. Pinzon is proceeding in this action pro se.  This matter was referred

19    to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff

20    commenced this action on January 3, 2023, by filing a complaint and a motion to proceed in

21    forma pauperis.  (ECF Nos. 1 & 2.)  The court is required to screen complaints brought by parties

22    proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

23    1122, 1129 (9th Cir. 2000) (en banc).

24          Plaintiff's complaint largely consists of allegations of wrongdoing asserted against the

25    Northern District of California.  On April 24, 2023, the undersigned issued findings and

26    recommendations recommending that this action be dismissed without further leave to amend.

27    (ECF No. 8.)  Thereafter, plaintiff filed objections and a "motion for relief."  (ECF Nos. 9-11.)

28    Having reviewed plaintiff's filings, the April 24, 2023 findings and recommendations will be

                                                  1

vacated, plaintiff's complaint will be dismissed with leave to amend, and plaintiff's motion for relief will be denied as having been rendered moot.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most

2

1  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

2  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

3  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

4  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

5  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

6  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

7        The minimum requirements for a civil complaint in federal court, as explained by Rule 8

8  of the Federal Rules of Civil Procedure ("Rules"), are as follows:

9
10           A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

11

12  Fed. R. Civ. P. 8(a).

13  **II.**    **Plaintiff's Complaint**

14        The complaint alleges that the court of the "S.F. Division" of the Northern District of

15  California "has denied accommodation to procedures from the Federal Rules of Civil Procedure,"

16  and provided "aid and comfort to violators that conspire to commit wire fraud against the United

17  States." (Compl. (ECF No. 1) at 5-6.)  In this regard, the complaint alleges that "Clerk for Judge

18  Beeler treats this Plaintiff differently," and that "Judge Illman acted automatically to interfere

19  with Plaintiff's civil rights."  (Id. at 6.)  That "Judge Chhabria was absent from judicial duties in

20  his abandonment."  (Id.)  And that the "Northern District's intent; with their low balled level of

21  sub standard accommodations" is to "intimidate" plaintiff.  (Id.)

22        "[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a

23  claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

24  veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

25  clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at

26  327).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims

27  with which federal district judges are all too familiar."  Neitzke, 490 U.S. at 328.

28  ////

Here, the complaint's allegations with respect to the conduct of the Northern District are clearly baseless. Even assuming, *arguendo*, that the complaint's allegations were not baseless, judges are generally absolutely immune from civil liability for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). And "[a]bsolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (quoting Burns v. Reed, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). In this regard, judicial personnel "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987).

For these reasons the undersigned issued findings and recommendations recommending that this matter be dismissed without leave to amend. (ECF No. 8.) However, plaintiff thereafter filed objections. (ECF Nos. 9 & 10.) Although it is difficult to decipher, it appears that the objections explain that plaintiff's complaint was also attempting to allege allegations related to "fraud against the United States & Pinzon" in relation to a decision of the "Social Security Administration."[1] (ECF No. 9 at 1.)

Attached to the complaint is a decision from the Social Security Administration advising plaintiff that the State of California would no longer pay plaintiff's Medicare Part B premiums. (Compl. (ECF No. 1) at 11.) Accordingly, the Social Security Administration began "deducting" those premiums from plaintiff's monthly Social Security payment. (Id.)

Plaintiff is advised that pursuant to the Social Security Act this court may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to § 405(g) a plaintiff must obtain a "final decision of the Commissioner of Social Security made after a hearing" before seeking judicial review of an agency decision

---

[1] Attached to plaintiff's complaint is a page making similar allegations. (Compl. (ECF No. 1) at 10.) However, it was unclear if plaintiff intended those allegations to be part of the complaint as they are included in exhibits to the complaint as opposed to the body of the complaint. Nonetheless, in light of plaintiff's pro se status the undersigned will allow plaintiff an opportunity to amend and clarify the complaint's allegations.

4

1   regarding Social Security benefits.  42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3).  "A final decision

2   has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion

3   of administrative remedies."  Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003).  "[F]ailure to

4   exhaust the procedures set forth in the Social Security Act, 42 U.S.C. [section] 405(g), deprives

5   the district court of jurisdiction."  Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989)

6   (citing Heckler v. Ringer, 466 U.S. 602, 617 (1984).).

7        Plaintiff alleges that "the State of California conspired with an associate at the Mendocino

8   County Health and Human Service Agency."  (Compl. (ECF No. 1) at 10.)  "Using the Medical-

9   Cal program as a ruse & weapon: these entities produced a false statement on a federal form to

10  abscond revenue from the Social Security Administration."  (Id)  This is "an . . . ongoing &

11  longstanding . . . fraud."  (Id.)

12       From these vague and conclusory allegations, however, it is entirely unclear what claim

13  plaintiff is attempting to allege against what defendant.  Although the Federal Rules of Civil

14  Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the

15  plaintiff's claims and must allege facts that state the elements of each claim plainly and

16  succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

17  Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

18  elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

19  assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009)

20  (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of

21  particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones,

22  733 F.2d at 649.

23       It may be that plaintiff is attempting to assert a claim pursuant to the False Claims Act

24  ("FCA").  Pursuant to the FCA, "'[a]ny person" who, among other things, 'knowingly presents,

25  or causes to be presented, to an officer or employee of the United States Government . . . a false

26  or fraudulent claim for payment or approval' is liable to the Government for a civil penalty, treble

27  damages, and costs.'"  Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1119 (9th Cir.

28  ////

2007) (quoting 31 U.S.C. § 3729(a)(1)).  However, a plaintiff cannot proceed pro se on an FCA claim.  Stoner, 502 F.3d at 1127.  Plaintiff, therefore, would need to retain counsel to proceed on an FCA claim.

**III.     Leave to Amend**

   For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

   However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

   Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual ////

6

1    allegations." <u>Id.</u> at 679.  Those facts must be sufficient to push the claims "across the line from
2    conceivable to plausible[.]"  <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

3        Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
4    amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
5    in itself without reference to prior pleadings.  The amended complaint will supersede the original
6    complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
7    just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
8    and identified in the body of the complaint, and each claim and the involvement of each
9    defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
10   must also include concise but complete factual allegations describing the conduct and events
11   which underlie plaintiff's claims.

12   **IV.    Plaintiff's Motion for Relief**

13       On July 6, 2023, plaintiff filed a motion for "relief" from the April 24, 2023 findings and
14   recommendations.  (ECF No. 11.)  Because those findings and recommendations will be vacated,
15   plaintiff's motion will be denied as having been rendered moot.

16                          **CONCLUSION**

17       Accordingly, IT IS HEREBY ORDERED that:

18       1.  The April 24, 2023 findings and recommendations (ECF No. 8) are vacated.

19       2.  The complaint filed January 3, 2023 (ECF No. 1) is dismissed with leave to
20   amend.[2]

21       3.  Within twenty-eight days from the date of this order, an amended complaint shall be
22   filed that cures the defects noted in this order and complies with the Federal Rules of Civil
23   Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number
24   assigned to this action and must be titled "Amended Complaint."

25   _____

26   [2] Plaintiff need not file another application to proceed in forma pauperis at this time unless
     plaintiff's financial condition has improved since the last such application was submitted.

27
28   [3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of
     voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

4.  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

5.  Plaintiff's July 6, 2023 motion for relief (ECF No. 11) is denied as having been rendered moot.

Dated:  February 12, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\pinzon0008.dism.ord

8