UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM G. PINZON,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>HEALTH CARE SERVICES, et al.<br><br>  Defendants. | No. 2:23-cv-00008-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). However, for the reasons provided below, the Court finds Plaintiff's First Amended Complaint ("FAC") (ECF No. 13) is legally deficient and will recommend that the FAC be dismissed without further leave to amend, and the motion for IFP (ECF No. 2) denied.

**I.    Background and Procedural History**

Plaintiff filed his complaint on January 3, 2023. ECF No. 1. Plaintiff also filed two motions for appointment of counsel. ECF Nos. 4 & 6. On April 24, 2023, Magistrate Judge Barnes issued Findings and Recommendations ("F&R") that the action be dismissed without prejudice. ECF No. 8. Judge Barnes found the allegations of the complaint were "clearly baseless" and that the

judges and judicial personnel defendants would have immunity.  ECF No. 8 at 3-4.  Plaintiff filed objections to the F&R on May 8 and May 10, 2023.  ECF Nos. 9 & 10.  Plaintiff also filed a motion for relief.  ECF No. 11.  On February 12, 2024, Judge Barnes vacated her prior F&R and ordered that the complaint be dismissed with leave to amend.  ECF No. 12.  This order again found that Plaintiff's allegations were "clearly baseless" and that it appears the defendants would have judicial and quasi-judicial immunity.  ECF No. 12 at 4.  However, the order noted that Plaintiff's objections appeared to say that he also wanted to bring a claim against the Social Security Administration and advised that this Court may only review a "final decision of the Commissioner of Social Security made after a hearing."  ECF No. 12 at 4 citing 42 U.S.C. § 405(g).  Judge Barnes stated that the allegations concerning Social Security benefits were "vague and conclusory" and it was "entirely unclear what claim plaintiff is attempting to allege against what defendant."  ECF No. 12 at 5.  However, given the vague and conclusory allegations, Judge Barnes determined she could not yet conclude "beyond doubt that leave to amend would be futile," and she allowed leave to amend.  *Id.* at 6.  On February 20, 2024, Plaintiff filed a FAC (ECF No. 13) which is now subject to screening under 28 U.S.C. § 1915.

**II.    Analysis**

   A.    <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The First Amended Complaint

Plaintiff's FAC is a mishmash of documents, and page one appears to be a letter regarding "politically motivated interference with the judicial process obstruction of criminal health care

investigation." ECF No. 13 at 1.  The FAC complains of Judge Barnes,[1] and states, "Barnes should cease & desist the harassment & façade to her partiality & fraud on the Court." *Id.*  What Plaintiff has filed as a purported FAC also includes portions of prior Court orders in this case.  ECF No. 13 at 4-5.  Plaintiff includes portions of documents he apparently submitted to the Ninth Circuit Court of Appeals.[2]  *Id.* at 6-7.  He includes portions of pleadings filed in Maryland (ECF No. 13 at 11) and additional correspondence.  In one of those letters, Plaintiff writes: "Takes more time to prostitute the process than it does to prosecute the process." *Id.* at 12.  The final six pages of the FAC are again just random portions of prior court filings and court orders. *Id.* at 13-18.  As best as can be deciphered, Plaintiff appears to complain of prior proceedings in this action, and ends his FAC by stating that "based on deception & hate, this Calif. Judge fresh to Federal Magis. Roll; is allegiant to the state, can not write or speak to crimes of the state; but wants to whitewash them thru malfeasance at my expense." *Id.* at 18.

  C. <u>Analysis</u>

  What Plaintiff has filed as a FAC does not comply with Federal Rule of Civil Procedure 8 and does not comply with Judge Barnes' February 12, 2024 Order.  Rule 8 requires a "short and plain" jurisdictional statement, a "short and plain" statement showing the Plaintiff is entitled to relief, and a statement of the relief requested.  Plaintiff's FAC meets none of these requirements.  It is merely a compilation of portions of correspondence, prior filings, and prior orders.  The Court's prior order reminded Plaintiff that the FAC must be "complete in itself without reference to prior pleadings.  ECF No. 12 at 7.  Plaintiff was also told that in an amended complaint "each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged." *Id.*  Plaintiff was further told the amended complaint must include "concise but complete factual allegations." *Id.*  The FAC fails to meet any of these requirements.  There is no caption and it's unclear who Plaintiff

---

[1] Magistrate Judge Barnes retired, and the matter was reassigned to the undersigned on August 6, 2024.  ECF No. 14.

[2] Plaintiff references a Ninth Circuit appeal with Case No. 23-4393.  The court notes that therein the Northern District of California certified his appeal was not taken in good faith due in part to Pinzon's "practice of filing serial complaints against Mendocino County resulting in dismissal." *See Pinzon v. Mendocino County Sheriff's Office*, 23-CV-01571-AMO, ECF No. 18 at 2.

intends as defendants.³  The FAC fails to set forth clear factual allegations.  The FAC fails to state a claim and does not set forth an arguable basis in law or fact for a claim and is therefore frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2).

The Court has considered that Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff has twice been provided notice of the deficiencies in his original Complaint (ECF Nos. 8 & 12), and Plaintiff's FAC offers no indication that he is willing to amend to to cure the deficiencies.  Instead, Plaintiff responded by filing a mishmash of portions of correspondence, pleadings, and orders that are more difficult to decipher than his original complaint.  Plaintiff's inability or unwillingness to comply with the prior orders of the Court leaves the Court to conclude that further leave to amend would be futile.  Futility of amendment is a sufficient ground to deny leave to amend.  *U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (district court's discretion to deny leave to amend is "particularly broad where the plaintiff has previously amended the complaint").

### III.     Conclusion

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) be DENIED.
2. Plaintiff's FAC be dismissed without further leave to amend and this action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

---

³ The original complaint (ECF No. 1) contained a caption and named four defendants, so Plaintiff was aware of how to format a complaint, but chose not to do so in filing the FAC.

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 4, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE